*Law Offices of*
**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**
*2901 North Central Avenue, Suite 1000*
*Phoenix, Arizona 85012-3311*
*Telephone:(602) 274-1100*
*Facsimile: (602) 274-1199*

*Wendy J. Harrison (State Bar No. 014461)*
*wharrison@bffb.com*
*Kathryn A. Jann (State Bar No. 020849)*
*kjann@bffb.com*
*Dana L. Hooper (State Bar No. 023801)*
*dhooper@bffb.com*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| David Ryan, Mark Ryan, and Michael Ryan,<br><br>Plaintiffs,<br><br>v.<br><br>Phillips & Associates, P.C.; Phillips & Associates Law Offices, P.C.; Phillips & Associates Injury Law Offices, P.C.; Phillips & Associates Bankruptcy Law Center, P.C.; Jeffrey Phillips and Traci Phillips; Larry A. Majors, Sr. and Sandra Majors; and Phil Jackson,<br><br>Defendants. | Case No.: CV07-1899-PHX-DGC<br><br>**FIRST AMENDED COMPLAINT**<br><br>**Jury Trial Requested** |

Plaintiffs David Ryan, Mark Ryan, and Michael Ryan (collectively "Plaintiffs") for their First Amended Complaint against Defendants Phillips & Associates, P.C.; Phillips & Associates Law Offices, P.C.; Phillips & Associates Injury Law Offices, P.C.; Phillips & Associates Bankruptcy Center, P.C.; Jeffrey Phillips and Traci Phillips; Larry A. Majors, Sr. and Sandra Majors; and Phil Jackson (collectively "Defendants" or "Phillips & Associates") allege as follows:

## I. NATURE OF THE CASE

1. Plaintiffs bring this action against Defendants for their unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and the Arizona Wage Act, A.R.S. §§ 23-351, 23-353 and 23-355.

2. For at least three (3) years prior to the filing of this action (the "Liability Period"), Phillips & Associates had a consistent policy and practice of requiring Plaintiffs, who were employed as legal administrators, to work well in excess of forty (40) hours per week without paying them proper overtime compensation as required by federal and state wage and hour laws.

3. Plaintiffs seek to recover unpaid overtime compensation and liquidated damages, including interest thereon, statutory penalties, reasonable attorneys' fees and litigation costs.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiffs' claims pursuant to A.R.S. §§ 23-351, 23-353 and 23-355 and 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the state of Arizona within this District. Plaintiffs were employed by the Defendants in this District.

## III. THE PARTIES

7. Plaintiff David Ryan is an adult resident of Maricopa County, Arizona.

8. Plaintiff Mark Ryan is an adult resident of Maricopa County, Arizona.

9. Plaintiff Michael Ryan is an adult resident of Maricopa County, Arizona.

10. Upon information and belief, Phillips & Associates is made up of multiple Arizona corporations, all of which maintain their principle office at 3030 North Third Street, #1100, Phoenix, Arizona 85012. Phillips & Associates owns and/or operates other offices in Arizona, which are located at 14301 North 87th Street, Suite 316, Scottsdale, Arizona

85260, and 1201 South Alma School Road, Suite 1100, Mesa, Arizona 85210. Upon information and belief, Defendants utilize the name "Phillips & Associates" to reference the multiple business locations in Arizona.

11. Upon information and belief, Defendant Jeffrey Phillips, an adult resident of Maricopa County, Arizona, owns and/or operates Phillips & Associates and currently serves as its Vice President, Treasurer, and Secretary.

12. Upon information and belief, Defendant Traci Phillips is an adult resident of Maricopa County, Arizona, and is the wife of Defendant Jeffrey Phillips.

13. Upon information and belief, Defendants Jeffrey and Traci Phillips have been married at all times relevant to this Complaint and maintain their marital domicile in Arizona. They have caused events to occur giving rise to this Complaint for the benefit of their marital community and to which their marital community is fully liable.

14. Upon information and belief, Defendant Phil Jackson is an adult resident of Maricopa County, Arizona, and is the Executive Director of Phillips & Associates.

15. Upon information and belief, Defendant Larry A. Majors, Sr., an adult resident of Maricopa County, Arizona, owns and/or operates Phillips & Associates and currently serves as its Executive Director.

16. Upon information and belief, Defendant Sandra Majors is an adult resident of Maricopa County, Arizona, and is the wife of Defendant Larry A. Majors, Sr.

17. Upon information and belief, Defendants Larry A. Majors, Sr. and Sandra Majors have been married at all times relevant to this Complaint and maintain their marital domicile in Arizona. They have caused events to occur giving rise to this Complaint for the benefit of their marital community and to which their marital community is fully liable.

## IV. FACTUAL BACKGROUND

18. From approximately March 1996 through October 2000 and again from December 2002 through July 2007, Plaintiff David Ryan was employed by Phillips & Associates as a full-time legal administrator.

19. From approximately June 1996 through June 2000 and again from October 14, 2002 through January 25, 2007, Plaintiff Mark Ryan was employed by Phillips & Associates as a full-time legal administrator.

20. From approximately April 2005 through February 2007, Plaintiff Michael Ryan was employed by Phillips & Associates as a full-time legal administrator.

21. At all relevant times, Phillips & Associates was an "employer" as defined in 29 U.S.C. § 203(d).

22. During the relevant time period, legal administrators at Phillips & Associates, including Plaintiffs, performed the following types of clerical and/or routine duties:

> answering telephone information calls, setting client appointments, giving clients directions to our office, greeting visitors and potential clients, assisting visitors with the supervising attorney's questionnaires, discussing payment plans and other financing options, and assisting potential clients with the paperwork and other documents needed to retain the firm.
>
> ... They often screen visitors and interview visitors pursuant to our attorney's questionnaires and present the information to supervising attorneys prior to the time the supervising attorneys meet the visitors. ... Legal Administrators often sit in with the supervising attorneys and the visitors while the attorney answers questions for the visitor and the Legal Administrator may then assist the attorney and client with the completion of the paperwork needed for the client to retain the firm.

*Legal Administrator Information and Training Manual*, at 2 (2001).

23. Plaintiffs were not attorneys, so the legal analysis and development of Phillips & Associates' cases were the responsibility of the attorneys.

24. Plaintiffs had no discretion in the operations of the business or legal representation of clients.

25. Upon information and belief, Phillips & Associates (not Plaintiffs) sets and adjusts the rate of pay for all staff, makes all material client decisions, promotes, hires and

terminates employees, decides all matters concerning advertising, sets the hours of business operation, and instructs how most tasks are to be performed by employees, such as how to process paperwork and intake clients. Plaintiffs had no role in establishing Phillips & Associates' policies and procedures.

26. Plaintiffs worked under the direction, supervision, and guidance of Defendant Phil Jackson. As Plaintiffs' supervisor, Mr. Jackson was in charge of Plaintiffs' attendance, job responsibilities, and discipline.

27. Plaintiffs did not possess advanced specialized degrees or general four-year college degrees.

28. Phillips & Associates required Plaintiffs to work in excess of 40 hours per week by mandating that they meet with clients past regular business hours, attend mandatory after-hours gatherings, and conduct work during breaks, lunchtime and before and after their assigned shifts.

29. In fact, Phillips & Associates advised legal administrators that they had to be available by cellular telephone because they were on-call outside of regular office hours in order to return calls from clients immediately.

30. Phillips & Associates also scheduled Plaintiffs to work more than 40 hours per week and refused to pay overtime compensation for the excess hours. Some of these scheduled hours were for weekends and evenings.

31. As a policy and practice, Phillips & Associates required Plaintiffs to work in excess of 40 hours per week in order to maintain their jobs.

32. Due to the high volume of work, Plaintiffs often were not permitted to take a lunch break. When they worked through their lunch breaks, the time caused them to exceed a 40-hour workweek, and Phillips & Associates did not pay them overtime compensation for the excess hours.

33. Plaintiffs did not receive proper compensation for hours worked in excess of forty (40) hours per week. This practice violates the requirements of the FLSA and A.R.S. §§ 23-351, 23-353 and 23-355.

34. The FLSA defines the term "employer" to include any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Thus, as controllers over business operations of Phillips & Associates and its employees, Jeffrey and Traci Phillips (as a marital community), Phil Jackson, and Larry and Sandra Majors, Sr. (as a marital community) are subject to individual liability under the FLSA.

## COUNT ONE
### (Failure to Properly Pay Overtime Wages - FLSA)

35. Plaintiffs incorporate by reference all above allegations.

36. At all times pertinent to this Complaint, Plaintiffs were non-exempt employees.

37. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-219 in that Plaintiffs worked for Defendants in excess of 40 hours per week, but Defendants failed to pay Plaintiffs for those excess hours at the statutory rate as required by the FLSA.

38. Defendants' failure to pay overtime to Plaintiffs was willful as Defendants either knew their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

39. As a result of Defendants' intentional, willful and unlawful acts, Plaintiffs have suffered economic damages for which they are entitled to compensation as provided under 29 U.S.C. § 216(b), including but not limited to back wages, liquidated damages, costs, and attorneys' fees.

## COUNT TWO
### (Failure to Timely Pay Wages Due - Arizona Wage Act)

40. Plaintiffs incorporate by reference all above allegations.

41. Upon information and belief, Defendants were aware of their obligation to pay overtime wages to Plaintiffs pursuant to A.R.S. § 23-351.

42. Upon information and belief, Defendants were aware that, pursuant to A.R.S. § 23-353, when Plaintiffs' employment terminated they were obligated to pay all wages due to Plaintiffs, including all overtime compensation due, by the next regular pay period.

43. Defendants have willfully failed and refused to timely pay overtime wages due to Plaintiffs on each regular payday.

44. Defendants have willfully failed to pay overtime wages due upon Plaintiffs' termination of employment with Defendants.

45. As a result of Defendants' unlawful acts, Plaintiffs are entitled to the statutory remedy provided pursuant to A.R.S. § 23-355.

## COUNT THREE

### (Unjust Enrichment/*Quantum Meruit*)

46. Plaintiffs incorporate by reference all above allegations.

47. The allegations of this Count Three are made to the extent and/or in the event this Court finds that Plaintiffs have failed to otherwise state a valid claim for relief.

48. Defendants received from Plaintiffs hours of work for which Defendants have not properly paid Plaintiffs overtime compensation.

49. As a result, Plaintiffs have conferred a benefit on Defendants, and Defendants have knowledge of this benefit and have voluntarily accepted and retained the benefit conferred on them.

50. Defendants will be unjustly enriched if they are allowed to retain such benefits without having to pay for them.

51. Plaintiffs have no adequate remedy at law.

52. By reason of the foregoing, Plaintiffs have been irreparably harmed and are entitled to restitution and/or an Order requiring Qwest to disgorge the wrongfully withheld funds.

## DEMAND FOR JURY TRIAL

53. Plaintiffs demand a jury trial on all allegations set forth herein.

WHEREFORE, Plaintiffs pray for relief as follows:

A. For compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

|   |   |   |
|---|---|---|
| | B. | For treble damages pursuant to A.R.S. § 23-355 to be determined at trial; |
| | C. | Judgment in the amount Defendants have been unjustly enriched; |
| | D. | Recovery of pre- and post-judgment interest; |
| | E. | For Plaintiffs' resulting consequential damages, in an amount to be proven at trial; |
| | F. | For Plaintiffs' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and other applicable statutory provisions; |
| | G. | For equitable relief, including, but not limited to restitution and/or disgorgement of the withheld compensation; and |
| | H. | For such other and further relief as this Court deems just and proper. |

DATED this 28th day of January, 2008.

Respectfully submitted,

s/Dana L. Hooper
Wendy J. Harrison
Kathryn A. Jann
Dana L. Hooper
BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
2901 N. Central Ave., Suite 1000
Phoenix, AZ 85012
Telephone: 602-274-1100
Facsimile: 602-274-1199

Attorneys for Plaintiffs